Nos. 783-890

First Circuit

———

LANDRENEAUX v. DERGIN
(LANDRENEAUX, Intervener)

———

(May 5, 1931. Opinion and Decree.)
(June 16, 1931. Rehearing Granted.)
(February 8, 1932. Opinion and Decree on Rehearing.)

———.

That said Dergin and his wife, Cora Fontenot Dergin, secured him for the amount by pledging and hypothecating to him his crop of corn, cotton, rice and potatoes to be made on said farm for said year.

That said pledge was evidenced by an authentic act, executed in conformity with the law (Act No. 66 of 1874 and amendments thereto), duly recorded in the crop pledge book of the parish of Evangeline. That he has a privilege on said crop resulting from said pledge. Alleging fear that said Dergin would conceal, part with, or dispose of the crop, he prayed that the crop be sequestered in order to protect his rights, and the crop was seized as prayed for.

Euclide Landreneaux intervened in the suit, opposed the privilege claimed by the plaintiff and prayed that the seizure be set aside. He alleges that he is the owner in possession of an undivided one-third of the crop, and in possession of the other two-thirds as pledgee, with privileges thereon.

That the crop was grown on a plantation belonging to his wife. That he was the administrator, in full charge of that plantation as head and master of the legal community of acquets and gains which existed between his wife and himself. That he hired Dergin to raise the crop, the consideration being that Dergin was to have two-thirds of the net profits of the corn and cotton, less two-thirds of the cost of the fertilizer and less the cost of the necessary family supplies and feed for his teams, furnished him, used in cultivating and making said crop.

That pursuant to his contract with Dergin he advanced him fertilizer to the amount of $27, corn to the amount of $33, rice to the amount of $32.50, and $20 worth of meat used for the purpose stated. That Adraste Landreneaux, threatening to

J. H. Dore and S. W. Gardiner, of Ville Platte, attorneys for plaintiff, appellee.

O. E. Guillory and E. H. Guillory, of Ville Platte, attorneys for intervener, appellant.

ELLIOTT, J. Adraste Landreneaux alleges that during the year 1930 he advanced Austin Dergin to the amount of $200 cash to enable him to make a crop for said year on a farm belonging to Mrs. Euclide Landreneaux.

use his rights under said crop pledge to seize the crop and waste it in court cost, he exercised his right of legal subrogation and tendered Adraste the amount he had advanced on the crop. That Adraste, claiming more than he had in fact advanced for said purpose, refused to accept same and subsequently caused said crop to be seized. That out of the $200 which Adraste Landreneaux claims to have advanced to said Dergin for the purpose of enabling him to make said crop, Adraste paid $54 to Dorselin Sonnier on an account due him by said Dergin for the year 1929, and $20 in the same way to Edovic Rogeau for a debt due him by said Dergin for the year 1929. That these amounts were not secured by the crop pledge obtained from said Dergin.

Intervener and third opponent makes further averments and filed an amended and supplemental petition opposing the interest and attorney's fees claimed by the plaintiff, on the ground that same was not covered by his crop pledge. But a further statement does not appear to be necessary to the understanding of the issues.

Euclide Landreneaux prayed for judgment against Charles H. Pucheu, sheriff, Austin Dergin and Adraste Landreneaux, recognizing him as the owner of an undivided one-third of the crop raised on said farm and in possession thereof, with privilege on the other two-thirds.

He prayed for judgment against said Dergin for $113.10, the amount of his advance on said crop. That his tender to said Adraste Landreneaux be recognized as having been made to him before the filing of his suit herein, and that his legal subrogation to the rights of Adraste be recognized. That the sequestration caused by Adraste to be made herein be decreed null and void, and

judgment for $50 against Adraste on account of attorney's fees, etc.

Dergin, defendant, and Euclide Landreneaux, intervener and third opponent, filed motions to dissolve the sequestration, while Adraste Landreneaux on his part moved to strike intervener's motion to dissolve out of the record on the ground that he had no standing to urge same.

The motion to dissolve the sequestration was by the court, over the objections of defendant and intervener, referred to the merits.

The plaintiff answering the petition of intervention, alleges that he obtained the sequestration in good faith, denies having been tendered the amount due him and reasserts his alleged privilege on the crop.

In answer to article I of the petition of intervention he practically admits that Euclide is owner of one-third of the crop seized, as lessor, and does not deny intervener's claim in that respect. In his answer to article 2 of the intervention he also practically admits that Dergin entered into an agreement with Euclide, becoming his tenant on the terms stated in said petition of intervention, but prays that his pledge be recognized against the intervener and third opponent.

Dergin answering the petition of Adraste Landreneaux denies all the averments in the petition.

After trial there was judgment in favor of the plaintiff as prayed for.

Euclide Landreneaux and Austin Dergin have appealed. No brief has been filed in this court by Adraste Landreneaux nor Austin Dergin. None of the motions filed in the lower court are urged on appeal.

The motions filed in this court by defendant and intervener and third opponent praying that the judgment appealed from be annulled and avoided and plaintiff's suit dismissed on grounds appertaining to the merits of the case, will be considered in dealing with the merits.

The evidence shows that Austin Dergin and his wife executed a note for $200 on February 6, 1930, payable to the order of Adraste Landreneaux on September 1, 1930, drawing 8 per cent per annum interest from date and 10 per cent attorney's fees if sued on or placed in the hands of an attorney for collection. This note was secured by a crop pledge executed by said Dergin and his wife in favor of Adraste Landreneaux on the same day that the note was signed, under the provisions of Act No. 66 of 1874, as amended by Act No. 93 of 1922 and Act No. 44 of 1882.

This crop pledge is in authentic form, was duly recorded, and the said Dergin and his wife therein pledged to Adraste Landreneaux the crop that they would make and cultivate for that year on the farm which belonged to Mrs. Euclide Landreneaux.

A question under the petition of intervention and third opposition is whether Euclide Landreneaux is to be regarded as the landlord, and as such the lessor of Austin Dergin as to said crop, or as having hired said Dergin to make the crop. His allegations are, in effect, that Dergin was both his lessee and hired man.

Adraste Landreneaux, in his answer to Euclide Landreneaux's averments on this subject, practically admits that the relations between Euclide and Dergin were as alleged by Euclide Landreneaux. The testimony of Euclide on the subject is rather indefinite, but throughout his testimony he speaks of the crop as belonging one-third to himself and two-thirds to Dergin, subject to the charges mentioned in article 2 of his intervention. He recognized the crop pledge executed by Dergin in favor of Adraste Landreneaux, to the extent of two-thirds of the crop.

Adraste recognized Dergin as the owner of the crop by taking from him a pledge on it. Dergin testified on the subject. Questioned as to the bargain or agreement entered into between him and Euclide Landreneaux, he says (without objection):

"Q. You were working on the 3rd?
"A. Yes, sir.
"Q. You own your pair of horses and wagon?
"A. Yes, sir.
"Q. Your bargain was, that you were going to get two-thirds of the crop that you made and Mrs. Euclide Landreneaux was going to get one-third for rent?
"A. Yes, sir.
"Q. Was that not after your advances by Mr. Euclide Landreneaux were paid, that you would get two-thirds?
"A. Yes, sir."

As Mrs. Euclide Landreneaux was to get one-third of the crop for rent she must be looked on as lessor and Dergin as lessee and tenant.

We find that Euclide Landreneaux was the lessor and Dergin his tenant. That Euclide Landreneaux was the owner of one-third and Dergin of two-thirds of the crop. Euclide Landreneaux was not a party to the act of pledge which Dergin executed in favor of Adraste, and not having recognized the pledge except to the extent of two-thirds, which he concedes belongs to Dergin, it results that under the provisions of Act No. 211 of 1908, sec. 1, the pledge must be restricted to the two-thirds which the lessee and tenant had the right to pledge, and the one-third be-

longing to Euclide must be held to be not affected thereby, nor subject to any privilege claimed by Adraste thereunder. La. Farm Bureau, etc., v. Clark, 160 La. 294, 107 So. 115; La. Farm Bureau, etc., v. Bannister, 161 La. 957, 109 So. 776.

As for the tender which Euclide claims to have made to Adraste, no particular amount of money was tendered, and there was no formal tender made, such as the law provides for. The tender and subrogation claimed has not been established. The evidence shows that Euclide Landreneaux was, with Dergin's consent, taking possession of and handling the entire crop without caring for the pledge which Dergin had executed in favor of Adraste Landreneaux, and which to the extent of two-thirds was covered by said pledge, in violation of the plain terms of Act No. 192 of 1908. Therefore under the provisions of the law, Code Practice, art. 275, clauses 7 and 8, and Act No. 192 of 1908 and Act No. 190 of 1912, the plaintiff had just ground to sue out a writ of sequestration in the protection of his rights.

The evidence shows, however, that $54 of the $200 called for by the note sued on was not advanced by Adraste Landreneaux to Dergin for the purpose of enabling him to plant and cultivate the crop in question, but was paid by Adraste to Dorselin Sonnier at the request of Dergin in satisfaction of a debt due Sonnier by Dergin for the previous year.

The evidence also shows that $20 of the amount named in the note was not in fact advanced by Adraste to Dergin for the purpose of enabling him to make a crop as claimed, but was advanced to Dergin with the understanding on the part of Adraste that it would be and was used by Dergin to pay a debt due by him to Edovic Rogeau

for the previous year. Adraste's advances to the extent of $74 are therefore not protected by said pledge and no privilege exists for $74 of said amount. These amounts deducted from the $200 leave $126, for which Adraste is entitled to a privilege on the crop resulting from the pledge. But we think the interest due on the $126 and attorney's fees, to the same extent, are entitled to the privilege claimed. The pledge and privilege and seizure made by Adraste Landreneaux must also be restricted to the two-thirds of the crop that belonged to Austin Dergin, and beyond that it must be set aside. Limited, as stated, the pledge and privilege claimed by Adraste Landreneaux will be recognized and ordered enforced with preference and priority over Euclide Landreneaux.

The evidence shows that Euclide Landreneaux made advances to said Dergin to the extent of $113 on Dergin's crop for said year and he is entitled to a privilege on the two-thirds of the crop that belonged to Dergin by virtue of the provisions of the Civil Code, art. 3217, and Act No. 89 of 1886.

This conclusion makes it necessary to correct and reform the judgment appealed from. In order to get the judgment in proper form we will set it aside and write the judgment in conformity with the views stated.

The judgment appealed from herein is therefore annulled, avoided and set aside, and now proceeding to render the judgment which we think should have been rendered, it is ordered and decreed that there be judgment in favor of Adraste Landreneaux and against Austin Dergin for $200, with 8 per cent per annum interest thereon from February 16, 1930, until paid, and for 10 per cent in addition thereon as attorney's

fees. It is further ordered that there be judgment in favor of Austin Dergin and Euclide Landreneaux and against Adraste Landreneaux, limiting and restricting the crop pledge and privilege in favor of Adraste Landreneaux against said Dergin and the sequestration herein made by Adraste to $126, with 8 per cent per annum interest thereon from February 6, 1930, and 10 per cent thereon as attorney's fees. The said seizure, pledge and privilege, beyond the sum stated, is set aside and decreed to have no effect. The said seizure, pledge and privilege is also limited and restricted to the undivided two-thirds of the crop, which was the share of Austin Dergin therein. And the seizure, pledge and privilege is annulled and set aside as to the other one-third. Two-thirds of the proceeds of the crop is to be applied to the payment of the amount due Adraste, which is secured by pledge, with preference and priority over Euclide Landreneaux. The other one-third of the crop is to be delivered by the sheriff to Euclide Landreneaux.

It is further ordered that there be judgment in favor of Euclide Landreneaux against Austin Dergin in the sum of $113, with legal interest thereon from December 17, 1930, until paid, with recognition of privilege as furnisher of necessary supplies on the two-thirds of the crop of Austin Dergin; the privilege to have rank inferior to that of Adraste Landreneaux, as provided by law, Act No. 89 of 1886.

Judgment is rendered in favor of Adraste Landreneaux against Austin Dergin for the cost of the main demand and cost of the seizure.

The cost of the intervention and third opposition is to be paid one-third by Euclide and two-thirds by Adraste Landreneaux. And Adraste Landreneaux is to pay the cost of this appeal.

## ON REHEARING

MOUTON, J. In this case plaintiff is claiming $200 on a crop pledge given by defendant with interest and attorney's fees.

In our original opinion, we held that of the $200 claimed for advances made to defendant, $54 thereof had been paid by plaintiff at the request of defendant, to Dorselin Sonnier in satisfaction of an old debt due the latter; also, that $20 of the amount claimed by plaintiff for advances had not been advanced to defendant on his crop, but with the understanding that defendant would use it to pay to Edovic Rogeau, his creditor.

Plaintiff testifies that he advanced the $200 to defendant on his crop for the current year, and denies positively that he ever paid $54 to Sonnier in settlement of a debt due by defendant or that $20 was given defendant to be used in payment of a debt he owed Edovic Rogeau.

Defendant, Dergin, admits that he received advances to the amount of $200 from plaintiff, and that he could use them as he thought proper.

There is no evidence in his testimony to show that these items of $54 and $20 were used for the payment of defendant's debts to other creditors or that he was directed by plaintiff to so apply the advances.

These two amounts total the sum of $74, which being deducted from the $200 claimed reduced the demand to $126, for which we rendered judgment for plaintiff. In making this deduction we fell into an error which must be corrected by increasing our original judgment to the sum of $200 in favor of plaintiff, and in not restricting his crop

pledge to the sum of $126, with interest and attorney's fees, as originally decreed by us.

It is therefore ordered, adjudged and decreed that our former decree reversing the judgment of the district court be set aside in the particulars above stated; and that it be and is hereby amended by increasing the amount therein decreed from $126 to the sum of $200, with 8 per cent interest and 10 per cent attorney's fees on said amount, and with recognition of the crop privilege up to said amount; and as thus amended our original judgment be reinstated and made the final judgment of this court; and, that all the other grounds set out in the two applications for rehearing be and are hereby denied.